---

Ex Parte Rosa.

Application for a writ of *Habeas Corpus.*

No. 46.—Decided March 3, 1905.

Habeas Corpus—Review of Proceedings and Evidence Taken in the Case—Guilt of Prisoner.—The proceedings and evidence taken in a case prose cuted against a prisoner cannot be reviewed on *habeas corpus* in order to de-

termine whether or not he was guilty, as this is not the object of the writ. ·

ID.—WARRANT OF ARREST.—The fact that a warrant of arrest is not signed by the secretary is not sufficient to render it void, as there is nothing to prevent judges from certifying their own orders, for which purpose they have ample authority.

GAMING HOUSE—PROHIBITED GAMES—DEFENDANT CONVICTED OF A CRIME OTHER THAN THE ONE CHARGED IN THE INFORMATION.—The crime of maintaining a house where prohibited games are played is altogether different from participating in such games, and a person accused of one of such crimes cannot be legally convicted of the other.

ID.—HABEAS CORPUS—JUDGMENT VOID.—Where it appears from the judgment that the petitioner is imprisoned by virtue of a judgment convicting him of a crime other than the one charged in the information, the judgment is null and void, and the prisoner must be discharged on *habeas corpus.*

The facts are stated in the opinion.

The application was presented to Mr. Justice Wolf.

*Mr. Pesquera,* for petitioner.

*Mr. Rossy, Fiscal,* for The People.

MR. JUSTICE WOLF delivered the following opinion of the court:

The present case is an application for discharge on a writ of *habeas corpus.* To the petition is attached a certified copy of the judgment pronounced by the Municipal Court of Bayamón, which shows that the petitioner was charged with having a prohibited game in his house (an offense under section 300 of the Penal Code), and found him guilty of playing a prohibited game (an offense under section 299), and sentenced him to a fine of $150 or ninety days' imprisonment in jail. The facts of the petition are not controverted by the return of the *alcaide.* The petitioner alleges that he is illegally detained in the district jail of San Juan, substantially for the following reasons: That subsequent to the conviction of the petitioner other persons were tried of the offense of playing prohibited games, and that all except one of them were acquitted; that the facts of this second trial were so intimately connected with those of the trial of the petitioner that such second trial demonstrated the innocence of the prisoner, as no man could be convicted of playing a prohibited game with or by himself. It would seem a sufficient answer to this conten-

tion of the prisoner to say that there was one other person convicted of the offense of playing prohibited games. However, to look into such a matter would require a direct examination of the proceedings and the evidence taken at the trial of the prisoner, as well as in the other trial, which is not the object of the writ of *habeas corpus.*

His third reason to show that his detention is illegal is that the warrant is defective because it does not set out clearly the offense, and lacks the signature of the secretary of the municipal court. Unless there is some provision of law which requires that a secretary should certify to every order or warrant issued by the judge, there is nothing to prevent the judge himself from certifying to his own orders; the judge having a general supervisory power and authority over all such orders.

The second ground, or reason for the discharge of the prisoner taken in connection with the third is much more serious. He alleges that the information filed against him, accused him of having in his house one of the prohibited games, but that the Municipal Court of Bayamón declared him guilty of playing a prohibited game. In many jurisdictions it has been held that where an inferior court has jurisdiction over the person of the accused, and of the subject-matter, that another court will not enquire into the matter on a writ of *habeas corpus.* The modern tendency, however, is to hold that a judgment is void where a court of competent jurisdiction exceeds its powers in a particular case. (See *Ex parte Lange,* 85 U. S., 176, as indicating the tendency.) The offense of keeping a house in which prohibited games are played is an altogether different one from the offense of playing prohibited games, and if a man is charged with one of these offenses he cannot by any provision of the law be legally convicted of a totally different offense, except in the manner provided by section 237 of the Code of Criminal Procedure, which in my judgment does not apply here.

If the judgment merely recited the offense of which he was found guilty it might be questionable whether a judge could go behind such a sentence to enquire whether it conformed to the information; but here the judgment itself shows that the prisoner was charged with one offense and convicted of another.

Under all the circumstances of the case I feel bound to hold that the sentence rendered by the Municipal Court of Baya-món is void and the prisoner must be

*Discharged.*